**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | * | |
| **PHILIP E. NEUFELD and** | * | |
| **VICKI J. NEUFELD,** | * | |
| **Debtors** | * | **CHAPTER 7** |
| | * | |
| **LAWRENCE G. FRANK,** | * | |
| **CHAPTER 7 TRUSTEE,** | * | |
| **Movant** | * | |
| | * | **CASE NO. 1:12-bk-02177MDF** |
| **v.** | * | |
| | * | |
| **PHILIP E. NEUFELD and** | * | |
| **VICKI J. NEUFELD,** | * | |
| **Respondents** | * | |
| | * | |

**OPINION**[1]

This matter is before the Court on the motion of Lawrence G. Frank, Chapter 7 Trustee (the "Trustee") to dismiss or, in the alternative, to transfer the above-captioned bankruptcy case to the United States Bankruptcy Court for the Western District of North Carolina.[2] For the reasons set forth below, the Court denies the Trustee's motion.

## I. Background

On April 4, 2012, Philip E. Neufeld and Vicki J. Neufeld ("Debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code. Debtors state in their petition that they currently reside at 10700 Round Rock Road, Charlotte, North Carolina. According to

---

[1]Drafted with the assistance of Lindsay Weber, Law Clerk.

[2]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This Opinion constitutes the findings of fact and conclusions of law required to be made pursuant to Fed. R. Bankr. P. 7052, which is made applicable to contested matters by Fed. R. Bankr. P. 9014.

Schedule A, Debtors own a home at this address with an approximate value of $237,100 subject to a mortgage in the amount of $286,757. Schedule A lists two additional parcels of real property. The first is an unimproved lot located in Perry County, Pennsylvania worth approximately $8000. The second is a timeshare located in Texas worth approximately $1000. Both properties are unencumbered and claimed by Debtors as exempt. Schedule B reflects ownership of personal property in the amount of $20,182.11. The Court assumes that Debtors' personal property is also located in North Carolina.

On August 1, 2012, Debtors filed a notice of voluntary conversion to Chapter 7. The next day, Lawrence G. Frank was appointed Chapter 7 Trustee. On September 7, 2012, a § 341 meeting of creditors was held and on October 5, 2012 the Trustee filed the instant motion challenging Debtors' choice of venue. The Trustee argues that venue in the Middle District of Pennsylvania is improper because Debtors and majority of their assets are located in North Carolina. Debtors oppose the Trustee's motion, asserting that Debtors' principal asset is the asset in which Debtors hold the most equity, *i.e.*, Debtors' unencumbered Pennsylvania property. Debtors conclude that because their principal asset is located in this district, venue is proper here. Debtors also counter that the Trustee's motion is untimely.

## II. Discussion

The first issue before the Court is whether the Middle District of Pennsylvania is a proper venue for this case.[3] Pursuant to 28 U.S.C. §1408(1), a debtor's case may be commenced in the

---

[3]28 U.S.C. § 1408 provides four alternative bases for proper venue. Thus, the statute allows several possible locations where an entity or individual may file for bankruptcy protection. See *Broady v. Harvey (In re Broady)*, 247 B.R. 470, 472 (B.A.P. 8th Cir. 2000). Generally, venue in the district in which the debtor files the bankruptcy petition is presumed to be proper. *In re Alcorn Corp.*, No. 12-13742, 2012 WL 2974889, at *2 (Bankr. E.D. Pa. July 20,

district:

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . ;

Debtors do not claim they are domiciled, reside, or have a principal place of business in this district. Rather, Debtors argue that venue is proper because Debtors' single most valuable asset is and has been located in this district for more than 180 days.

Although the term "principal asset" is not defined by the Bankruptcy Code, the term "principal" refers to an item of the "first, highest or foremost in importance, rank, worth, or degree." Am. Heritage Dictionary (4th ed. 2000). Therefore, the analysis required is a simple determination of where the greater dollar value of all property of the estate is located. *In re Shelton*, No. 01-20655, 2001 WL 35814440, at *5 n.15 (Bankr. D.Idaho Oct. 12, 2001). Both scheduled and non-scheduled assets of the debtor are to be counted. "[T]he fact that exemptions are claimed on schedule C or that security interests are shown on schedule D are irrelevant to the 'principal assets' analysis." *Id*. at *5.

As evidenced by Debtors' schedules, more than 95% of the value of Debtors' assets are located in North Carolina. The encumbrance on Debtors' residence does not make it any less an asset of the estate, nor does Debtors' exemption claim alter the analysis. Because Debtors' principal assets are not located in this district, the case is not properly venued here.

---

2012). The party challenging venue bears the burden of establishing by a preponderance of the evidence that the case was filed in the wrong district. *In re Oklahoma City Associates*, 98 B.R. 194, 197 (Bankr. E.D. Pa. 1989) (citations omitted).

Having made this determination, the next issue to be resolved is the timeliness of the Trustee's Motion. Pursuant to Fed. R. Bankr. P. 1014(a)(2), "a bankruptcy court faced with an improperly venued action must either dismiss the action or transfer it, if transfer is in the interest of justice or for the convenience of the parties. . . ." *In re EDP Medical Computer Systems, Inc.*, 178 B.R. 57, 63 (M.D. Pa. 1995). Retention of an improperly venued action is permitted, however, if objections thereto are not "timely" raised. *In re Deabel, Inc.*, 193 B.R. 739, 742 (Bankr. E.D. Pa. 1996). *See also* Fed. R. Bank. P. 1014, Advisory Committee Note (1987) ("If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.")

Although what constitutes timeliness is not governed by statute or rule, courts in the Eastern District of Pennsylvania have generally held that motions seeking change of venue must be brought within sixty days after the case filing. *In re Deabel*, 193 B.R. at 743 (citing *In re First Summit Development Corp.*, 1989 WL 118552, at *1 (Bankr. E.D. Pa. Oct. 5, 1989); *In re Boca Raton Sanctuary Associates*, 105 B.R. 273, 275 n.2 (Bankr. E.D. Pa. 1989); and *In re 1606 New Hampshire Ave. Associates*, 85 B.R. 298, 305 (Bankr. E.D. Pa. 1988)). This is not a steadfast rule, and courts tend to be more tolerant of untimely motions when the movant's interest in the case is not stirred until a later date. *Id*. (citing *In re EDP Medical Computer Systems, Inc.*, 178 B.R. at 59, 63). Other factors which bear on the timeliness of a motion are duplication of administration, increased expense, and delay in closing the estate. Advisory Committee Note, Fed. R. Bank. P. 1014(a).

Here, the Trustee waited 64 days from the date of his appointment to file the instant motion. Although the § 341 meeting of creditors was not held until September 6, 2012, Debtors'

petition and schedules, on their face, raise credible issues as to their choice of venue. Accordingly, the Trustee was afforded sufficient opportunity to file the motion within 60 days. In addition, Debtors' case has been fully administered and is awaiting the filing of the Trustee's report of no distribution. Dismissal or transfer at this advanced stage would only serve to increase the cost to Debtors and cause undue delay. Therefore, the Court finds the Trustee's motion to be untimely.

## III. Conclusion

For the foregoing reasons, the Trustee's motion is denied. An appropriate order will be entered.

**By the Court,**

Mary D. France
Chief Bankruptcy Judge

Date: November 16, 2012